UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HEATHER WALKER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:16-cv-2719 |
| | ) |
| THE HEALTH AND HOSPITAL | ) |
| CORPORATION OF MARION | ) |
| COUNTY | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1. Plaintiff, Heather Walker ("Walker"), by counsel, brings this Complaint and Demand for Jury Trial against Defendant, The Health and Hospital Corporation of Marion County (d/b/a Eskenazi Hospital)("Defendant") for violations of the Americans with Disabilities Act, as amended ("ADAAA"), 42 U.S.C. § 12101 *et seq.*, as well as violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

**II. Parties**

2. Walker has, at all times relevant to this action, has resided and/or worked within the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

3. Defendant is a legal entity formed pursuant to Ind. Code § 16-22-8-6 and Ind. Code § 23-15-1-5 that maintains offices and conducts business within the Southern District of Indiana, Indianapolis Division.

1

### III. Jurisdiction

4. Federal question subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 42 U.S.C. § 12101 *et seq.*, and 29 U.S.C. § 2617(a)(2).

5. Defendant is a "covered entity" as that term is defined by 42 U.S.C. § 12111(2).

6. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5).

7. Walker held an employment relationship with Defendant.

8. At all times relevant, Walker was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4).  Defendant is a "public agency" under 29 U.S.C. § 2611(4)(A)(iii).

10. Walker is a "qualified individual" as that term is defined by 42 U.S.C. § 12111(8).

11. Walker suffers from a "disability" as that term is defined by 42 U.S.C. § 12102(1)(A)(B) and/or (C).

12. Walker exhausted administrative remedies with the Equal Employment Opportunity Commission, received her Notice of Right to Sue from the Equal Employment Opportunity Commission, and files this Complaint within ninety (90) days of her receipt thereof.

13. Venue is proper in this Court.

### IV.  Factual Allegations

14. Walker commenced her employment with Defendant on or about May 3, 2003, as a Respiratory Care Practitioner.

15. Walker is a licensed Respiratory Therapist.

16. Throughout her employment, Walker met the legitimate and reasonable expectations associated with her position.

17. Defendant did not progressively discipline Walker leading up to her termination.

18. On April 4, 2015, Walker was injured in a car accident. As a result, Walker suffers from herniated discs in her neck and back.

19. Walker's disorders substantially limit the major bodily functions of normal cell growth and the neurological system.

20. Walker's disorders substantially limit major life activities, including but not limited to performing manual tasks, walking, standing, lifting, and bending.

21. Walker's direct supervisor, Ryan Morton, was aware of Walker's car accident and resulting disorders.

22. On October 5, 2015, and October 6, 2015, Walker was hospitalized due to a separate serious health condition with her heart and circulatory system.

23. Walker's roommate, Tamara Smith, notified coworker Amber McCarty, the Charge Respiratory Therapist, who then notified Morton.

24. In spite of being aware of Walker's serious health condition and hospitalization at Defendant's own hospital, Defendant failed to provide Walker with leave under the FMLA and failed to excuse Walker's medically necessary absences.

Instead, Defendant counted attendance points against Walker for her medical absences on October 5th and 6th of 2015.

25.   In the previous 12-month period prior to October 5, 2015, Walker worked approximately 1,316.5 hours.

26.   Subsequently, due to her disability Walker missed work on October 10-12 and October 24-26.

27.   Defendant failed to excuse Walker's medically necessary absences and unlawfully counted attendance points against Walker for her absences on October 10-12 and October 24-26.

28.   On October 26, 2015, at 4:30 p.m., Walker emailed Morton and stated as follows:

> I am going to be off work tentatively till Jan 10 for my injury from the accident.  I am going to have to file short term disability.  Not sure if I am going to qualify for FMLA.  I have to follow what the Dr is telling me as a law suit is involved.  They feel that I need to be off and try to heal the injury properly.  I plan on coming there tomorrow to give you the form from the Dr and deal with HR.
> Thanks

29.   Walker's email on October 26, 2015, constitutes protected activity under the ADAAA and FMLA.

30.   Morton received Walker's October 26th email prior to any decision to terminate Walker's employment.

31.   At 5:15 p.m. on October 26, 2015, after Walker's email, Kathy Young (HR Manager) emailed Morton and Chris Scott and stated as follows:

> Chris, Ryan and I spoke today twice.  We are putting her on a final and talked about mailing it to her certified ***and now that she has called off again, I am putting together a***

4

>   ***termination as well*** to see if Terri will agree to it.  I have a
>   feeling a final will be the way it goes.  Since she didn't
>   come i[n], we plan to mail her the written and final.  ***Ryan
>   just received additional information that she is off until
>   January due to an ongoing car accident injury***.
>   [emphasis added].

32. Following her email, Walker called Morton multiple times, but Morton never returned Walker's phone calls or responded to Walker's October 26th email.

33. Defendant did not provide Walker with notice of her rights under the FMLA.  Defendant did not provide Walker with medical leave under the FMLA.  Defendant did not provide Walker with medical leave under the ADAAA.

34. Instead, on October 29, 2015, Defendant terminated Walker.

35. Defendant failed to excuse Walker's medically necessary absences and unlawfully counted attendance points, which should have been excused under the FMLA and/or ADAAA.  Defendant failed to engage in the interactive process with Walker and Defendant failed to provide a reasonable accommodation to Walker of medical leave/modified work schedule/modification to policies.

36. Upon information and belief, similarly situated non-disabled comparators, who have not used FMLA and who have not engaged in protected activity under the ADAAA and FMLA, have been treated better under comparable circumstances.

37. The alleged reason for Walker's termination is pretextual.

38. Defendant's actions were willful, intentional, and done with reckless disregard for Walker's federal rights.

## V. Legal Allegations

### Count One – ADAAA - Discrimination

39. Walker hereby incorporates paragraphs one (1) through thirty-eight (38) of her Complaint as if the same were set forth at length herein.

40. Defendant terminated Walker because of her disability, record of a disability, and/or regarded as disability.

41. Defendant's actions were intentional, willful, and in reckless disregard of Walker's rights.

### Count Two – ADAAA - Retaliation

42. Walker hereby incorporates paragraphs one (1) through forty-one (41) of her Complaint as if the same were set forth at length herein.

43. Walker engaged in protected activity under the ADAAA.

44. Defendant terminated Walker because of her protected activity.

45. Defendant's actions were intentional, willful, and in reckless disregard of Walker's rights.

### Count Three – ADAAA – Failure to Accommodate

46. Walker hereby incorporates paragraphs one (1) through forty-five (45) of her Complaint is if the same were set forth at length herein.

47. Walker requested a reasonable accommodation, medical leave/modified work schedule/modification to policies, under the ADAAA.

48. Defendant failed to engage in the interactive process with Walker and Defendant denied Walker a reasonable accommodation under the ADAAA.

### Count Four – FMLA Interference – 29 U.S.C. § 2615(a)(1)

49. Walker hereby incorporates paragraphs one (1) through forty-eight (48) of her Complaint as if the same were set forth at length herein.

50. Defendant interfered and denied Walker her substantive legal rights under the FMLA to use medical leave for her own serious health conditions.

51. Defendant's denial of Walker's substantive rights under the FMLA caused Walker's termination of employment.

### Count Five – FMLA Discrimination/Retaliation – 29 U.S.C. § 2615(a)(2)

52. Walker hereby incorporates paragraphs one (1) through fifty-one (51) of her Complaint as if the same were set forth at length herein.

53. Walker engaged in protected activity under the FMLA.

54. Defendant terminated Walker because of her protected activity under the FMLA.

55. Defendant's actions were intentional, willful, and in reckless disregard of Walker's rights.

### VI.  Requested Relief

1. Walker seeks reinstatement.  Alternatively, Walker seeks front pay.

2. Walker seeks injunctive relief to bar Defendant from further acts in violation of federal law.

3. Walker seeks back pay, lost wages, lost benefits, and all other lost financial harm as a result of Defendant's violations of federal law.

4. Walker seeks compensatory damages for emotional pain and suffering and other costs.

5. Walker seeks liquidated damages.

6. Walker seeks payment for her reasonable attorneys' fees and costs associated with this action.

7. Walker seeks pre-judgment and post-judgment interest on all sums recoverable.

8. Walker seeks any and all other legal and equitable relief available.

Respectfully submitted,

*s/ Ryan P. Sink*
Ryan P. Sink

FOX WILLIAMS & SINK, LLC
8465 Keystone Crossing
Suite 250
Indianapolis, Indiana 46240

Phone: 317-254-8500
Fax: 844-273-6464

Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

*s/ Ryan P. Sink*
Ryan P. Sink